## BEE MACHINE CO., Inc., v. FREEMAN.

### No. 1224.

District Court, D. Massachusetts.

Jan. 16, 1942.

James W. Sullivan, of Lynn, Mass., and Walter Powers, Sherburne, Powers & Needham, Dike, Calver & Porter and Cedric W. Porter, all of Boston, Mass., for plaintiff.

Allen & Allen and Marston Allen, all of Cincinnati, Ohio, and Nathan Heard and Frederick A. Tennant, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

The plaintiff brought an action of contract against the defendant in the State court. The action was based solely upon alleged breach of defendant's agreements contained in a license agreement relating to the manufacture and sale of devices covered by Letters Patent owned or controlled by the defendant.

This action was removed to this court where the defendant moved for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion, after hearing, was allowed on the ground that the doctrine of res adjudicata applied. 41 F. Supp. 461. On the day before the hearing on defendant's motion for a summary judgment, the plaintiff filed a motion to add to its complaint a new cause of action. The

hearing on defendant's motion proceeded nevertheless, but an entry of a summary judgment for the defendant was suspended to await action upon plaintiff's motion to amend. The parties have now been heard upon this motion, which is entitled—"Added Amended Complaint for Treble Damages under the Anti Trust Laws of the United States." The first paragraph is as follows:

"1. The Action arises under the Anti-Trust Laws of the United States, Title 15 U.S.Code, Sections 1–27 [15 U.S.C.A. §§ 1–27], and particularly Section 15 thereof, to recover three-fold the damages sustained by the plaintiff and the costs of the suit, including a reasonable attorney's fee."

Then follow allegations charging a monopoly denounced by the anti-trust laws and a demand for judgment against the defendant for three-fold damages.

The question presented is whether this amendment should be allowed.

■ There can be no doubt that the added amendment presents a cause of action entirely distinct from the original. It cannot even be treated as a supplemental complaint under Rule 15(b) of the Federal Rules of Civil Procedure as it does not set forth transactions or occurrences or events which happened since the date of the bringing of the suit.

This court has jurisdiction under the anti-trust laws over a nonresident only if he is found in the district or has an agent therein. 15 U.S.C.A. § 15. The defendant while in the Commonwealth was served with process in a common law action of contract. The plaintiff obviously seeks to take advantage of this fact in order to obtain jurisdiction over the person in a suit involving a new and entirely different subject-matter, namely, the enforcement of rights arising under federal statutes. In these circumstances a court might well manifest reluctance to take jurisdiction. However, there are other and more cogent reasons why the plaintiff's motion should not be allowed.

■ The rights and remedies which plaintiff now seeks to enforce spring exclusively from federal statutes. Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 593, 41 S.Ct. 209, 65 L.Ed. 425. See, also, United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071.

■ Actions based solely upon the Federal Anti-Trust laws can be brought only in the Federal courts. Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 286, 43 S.Ct. 106, 67 L.Ed. 244. See, also, Southern States Oil Co. v. Standard Oil Co. of N. J., D.C., 26 F.Supp. 633, 634.

■ The jurisdiction of the Federal court in an action removed from the State court is derivative, and if the State court was without jurisdiction to entertain the cause of action set up in plaintiff's motion, then this court is also without jurisdiction. Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., supra; General Investment Co. v. Lake Shore & M. S. Ry. Co., supra; Carroll v. Warner Bros. Pictures, Inc., D.C., 20 F.Supp. 405.

In the General Investment Co. case the court observed (page 288 of 260 U.S., page 117 of 43 S.Ct., 67 L.Ed. 244): "When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated."

In that case, so much of the bill as based the right to relief on the anti-trust laws was dismissed for want of jurisdiction.

■ In the Carroll case the court was dealing with an amended complaint, and it was there held that a plaintiff could not plead after removal an additional cause of action over which the state court would not have had jurisdiction in the first instance.

■ It follows from the foregoing that if the plaintiff is allowed to add the cause of action alleged in its motion, the amended complaint would be subject to successful attack on jurisdictional grounds. For that reason there would seem to be no room for the exercise of discretion on the part of the court.

The motion is, therefore, denied without prejudice to plaintiff's right to seek redress by suit brought originally in the Federal court.

A summary judgment for the defendant may now be entered in the pending action in conformity with my opinion, filed October 6, 1941.