FREEMAN *v.* BEE MACHINE CO., INC.

No. 707. Argued May 4, 5, 1943.—Decided June 1, 1943.

*Mr. Marston Allen,* with whom *Mr. Nathan Heard* was on the brief (*Mr. Chas. E. Riordan* entered an appearance), for petitioner.

*Mr. Cedric W. Porter,* with whom *Mr. George P. Dike* was on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

It was held in *Lambert Run Coal Co.* v. *Baltimore & Ohio R. Co.,* 258 U. S. 377, 382, that where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case. And see *General Investment Co.* v. *Lake Shore & M. S. Ry. Co.,* 260 U. S. 261, 288; *Venner* v. *Michigan Central R. Co.,* 271 U. S. 127, 131; *Minnesota* v. *United States,* 305 U. S. 382, 389. That is true even where the federal court would have jurisdiction if the suit were brought there. *Lambert Run Coal Co.* v. *Baltimore & Ohio R. Co., supra.* As stated by Mr. Justice Brandeis in that case, "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." 258 U. S. p. 382. The question in this case is whether the rule of those decisions is applicable to a situation involving the following facts:

Petitioner is a resident of Ohio; respondent is a Massachusetts corporation. Respondent brought an action at law against petitioner in the Superior Court of Massachusetts for breach of a contract. Petitioner was personally served when he happened to be in Boston.

Petitioner appeared specially and caused the action to be removed to the federal District Court in Massachusetts, petitioner being a non-resident of Massachusetts and there being diversity of citizenship and the requisite jurisdictional amount. Judicial Code § 28, 28 U. S. C. § 71. Petitioner thereupon entered a general appearance [1]— he answered, interposing several defenses including *res judicata;* he also filed a counterclaim. He then moved for a summary judgment. Shortly before that motion came on to be heard respondent moved to amend its declaration by adding a complaint for treble damages under § 4 of the Clayton Act.[2] 38 Stat. 731, 15 U. S. C. § 15. The District Court granted petitioner's motion for summary judgment. 41 F. Supp. 461. But it denied respondent's motion to amend, being of the view that it had no jurisdiction to allow the amendment. 42 F. Supp. 938. In reaching that result the District Court expressed doubts that the venue requirements of § 4 of the Clayton Act were satisfied. But it expressly declined to rest on that basis and placed its decision solely on the *Lambert Co.* line of cases. On appeal the Circuit Court of Appeals sustained the ruling of the District Court on the motion for summary judgment but disagreed with its view on the motion to amend. 131 F. 2d 190. The case is here on a petition for a writ of certiorari which we granted because of the importance of the problem and

---

[1] See *Western Loan & S. Co.* v. *Butte & B. Mining Co.*, 210 U. S. 368, 372; *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 165.

[2] That section provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." That section derived from § 7 of the Sherman Act. See *Eastman Kodak Co.* v. *Southern Photo Materials Co.,* 273 U. S. 359, 371–374.

the contrariety of views which had developed concerning it.[3]

The *Lambert Co.* case and those which preceded [4] and followed it merely held that defects in the jurisdiction of the state court either as respects the subject matter or the parties [5] were not cured by removal but could thereafter be challenged in the federal court. We see no reason in precedent or policy for extending that rule so as to bar amendments to the complaint, otherwise proper, merely because they could not have been made if the action had remained in the state court.[6] If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment. Though this suit as instituted involved only questions of local law, it could have been brought in the federal court by reason of diversity of citizenship.[7] The rule of *Erie R. Co.* v. *Tompkins,*

---

[3] See *Noma Electric Corp.* v. *Polaroid Corp.,* 2 F. R. D. 454; *Carroll* v. *Warner Bros. Pictures,* 20 F. Supp. 405; *Howe* v. *Atwood,* 47 F. Supp. 979, 984. Cf. *Newberry* v. *Central of Georgia Ry. Co.,* 276 F. 337, 338.

[4] See *Goldey* v. *Morning News,* 156 U. S. 518; *De Lima* v. *Bidwell,* 182 U. S. 1, 174; *Courtney* v. *Pradt,* 196 U. S. 89, 92; *American Well Works Co.* v. *Layne & Bowler Co.,* 241 U. S. 257, 258.

[5] *Wabash Western Ry.* v. *Brow,* 164 U. S. 271; *Hassler, Inc.* v. *Shaw,* 271 U. S. 195; *Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374.

[6] It is clear that the Massachusetts state court did not have jurisdiction over the cause of action under the Anti-Trust laws. See 15 U. S. C. § 15, *supra,* note 2; *Blumenstock Bros.* v. *Curtis Publishing Co.,* 252 U. S. 436, 440.

[7] Suits based on diversity of citizenship may be brought "only in the district of the residence of either the plaintiff or the defendant." Judicial Code § 51, 28 U. S. C. § 112. Congress has not made the same requirement on removal. Thus an action between citizens of different states begun in a court of a state of which neither is a citizen may be removed to the federal court of the district in which the suit is pending. *Lee* v. *Chesapeake & Ohio Ry. Co.,* 260 U. S. 653. See *Neirbo Co.* v.

304 U. S. 64, is, of course, applicable to diversity causes removed to the federal courts as well as to such actions originating there. But if the federal court has jurisdiction of the removed cause (*Mexican National R. Co.* v. *Davidson*, 157 U. S. 201), the action is not more closely contained than the one which originates in the federal court. The jurisdiction exercised on removal is original not appellate. *Virginia* v. *Rives*, 100 U. S. 313, 320. The forms and modes of proceeding are governed by federal law. *Thompson* v. *Railroad Companies,* 6 Wall. 134; *Hurt* v. *Hollingsworth,* 100 U. S. 100; *West* v. *Smith,* 101 U. S. 263; *King* v. *Worthington,* 104 U. S. 44; *Ex parte Fisk,* 113 U. S. 713; *Northern Pacific R. Co.* v. *Paine,* 119 U. S. 561; *Twist* v. *Prairie Oil & Gas Co.,* 274 U. S. 684; *Rorick* v. *Devon Syndicate,* 307 U. S. 299. Congress has indeed provided that in a suit which has been removed the District Court shall "proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal." Judicial Code § 38, 28 U. S. C. § 81. While that section does not cure jurisdictional defects present in the state court action, it preserves to the federal District Courts the full arsenal of authority with which they have been endowed. Included in that authority is the power to permit a recasting of pleadings or amendments to complaints in accordance with the federal rules. *West* v. *Smith, supra; Twist* v. *Prairie Oil & Gas Co., supra,* p. 687.

It is said, however, that the amendment in question may not be made since the cause of action authorized by § 4 of the Clayton Act may be brought only in a District

*Bethlehem Shipbuilding Corp.,* 308 U. S. 165, 168. Indeed, the defendant must be a non-resident of the state in which suit is brought before he can remove to the federal court on the ground of diversity of citizenship. *Patch* v. *Wabash R. Co.,* 207 U. S. 277.

Court in the district "in which the defendant resides or is found or has an agent." 15 U. S. C. § 15. That requirement relates to venue. But venue involves no more and no less than a personal privilege which "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.*, 308 U. S. 165, 168. On the face of the present record it would seem that any objection to venue has been waived. There is no indication in the record before us that any such objection was "seasonably asserted." *Commercial Ins. Co.* v. *Consolidated Stone Co.*, 278 U. S. 177, 179; *Interior Construction Co.* v. *Gibney*, 160 U. S. 217. As we have noted, the District Court did not place its ruling on the grounds of venue. Nor is there any indication in the record that petitioner raised the venue point in the District Court. But even if we assume that he did, it is not clear that the objection has been preserved here.[8]

But we need not rest on that narrow ground. Petitioner was personally served in the state court action. After the removal of the cause he entered a general appearance and defended on the merits. He also filed a counterclaim in the action. He thus invoked the jurisdiction of the federal court and submitted to it. *Merchants Heat & L. Co.* v. *Clow & Sons*, 204 U. S. 286. He was accordingly "found" in the district so as to give the District Court power to allow the complaint in that suit to be amended by adding a cause of action under § 4 of the Clayton Act. This venue provision was designed, as stated by Judge

---

[8] The "only question" presented by the petition for writ of certiorari was "whether a plaintiff may amend his complaint in a removed action so as to state a new and independent cause of action against the defendant which would be outside the state court's jurisdiction." That obviously is not a presentation of a question of venue of a federal district court under § 4 of the Clayton Act; and it can hardly be expanded into one by an incidental discussion of venue in the brief.

Learned Hand in *Thorburn* v. *Gates,* 225 F. 613, 615, "to remove the existing limitations upon the venue of actions between diverse citizens [9] and to permit the plaintiff to sue the defendant wherever he could catch him." But "found" in the venue sense does not necessarily mean physical presence. We noted in *Neirbo Co.* v. *Bethlehem Shipbuilding Corp., supra,* pp. 170–171, that a corporation may be "found" in a particular district for venue purposes merely because it had consented to be sued there. The fact that it was present "only in a metaphorical sense" (308 U. S. p. 170) was not deemed significant. In the present case it is not important that at the time of this amendment petitioner had returned to Ohio and was not physically present in Massachusetts. He was conducting litigation in Massachusetts. He was there for all purposes of that litigation. Having invoked the jurisdiction of the federal court and submitted to it, he may not claim that he was present only for the limited objectives of his answer and counterclaim. He was present, so to speak, for all phases of the suit. That presence satisfies the venue provision of § 4 of the Clayton Act for the purpose of this amendment. The Rules of Civil Procedure are applicable to removed cases and "govern all procedure after removal." Rule 81 (c). They permit joinder of claims (Rule 18) and contain the procedure for amendment of pleadings. Rule 15. And, as we have noted, Congress has directed the District Court after a case has been removed to "proceed therein as if the suit had been originally commenced in said district court." Judicial Code § 38, 28 U. S. C. § 81. There can be no doubt but that the court had the power under that statute and under the Rules to permit the joinder of the cause of action under the Clayton Act. If petitioner was subject to the jurisdiction of the court for purposes of the law suit, including an amend-

[9] See note 7, *supra.*

ment of the complaint, he certainly was "found" there for the purpose of adding a cause of action under § 4 of the Clayton Act. Process is of course a different matter. But under the Rules of Civil Procedure service of an amended complaint may be made upon the attorney [10] (Rule 5)— the procedure which apparently was followed here.

*Affirmed.*

Mr. Justice Frankfurter, dissenting:

Congress has power, of course, to authorize a suit arising under federal law to be brought in any of the federal district courts. *Robertson* v. *Labor Board,* 268 U. S. 619, 622. But from the beginning of the federal judicial system, Congress has provided that civil suits can be brought only in the district where the defendant is an inhabitant, except that where federal jurisdiction is based solely upon diversity of the parties' citizenship, suit may be brought in the district of the residence of either the plaintiff or the defendant. Section 51 of the Judicial Code, 28 U. S. C. § 112, derived from § 11 of the Judiciary Act of 1789, 1 Stat. 73, 79. Only in a very few classes of cases has Congress given a strictly limited right to sue elsewhere. *Robertson* v. *Labor Board, supra.* In § 4 of the Clayton Act of October 15, 1914, 38 Stat. 731, 15 U. S. C. § 15, the legislation immediately before us, suits are authorized to be brought "in any district court of the United States in the district in which the defendant resides or is found or has an agent. . . ." Similar provisions, permitting suit where the defendant is "found," appear in the Act of March 3, 1911, § 43, 36 Stat. 1087, 1100, 28 U. S. C. § 104 (suits for penalties and forfeitures), the Act of March 4, 1909, § 35, 35 Stat. 1075, 1084, 17 U. S. C. § 35 (suits for copyright infringement), the Act of February 5, 1917, § 25, 39 Stat. 874, 893, 8 U. S. C. § 164 (suits under the

---

[10] See *Adam* v. *Saenger,* 303 U. S. 59, 67–68.

immigration laws), the Act of May 27, 1933, tit. I, § 22, 48 Stat. 74, 86, 15 U. S. C. § 77v (suits under the Securities Act of 1933), and the Act of June 6, 1934, § 27, 48 Stat. 881, 902, 15 U. S. C. § 78aa, (suits under the Securities Exchange Act of 1934). In holding that the petitioner was "found" in the district of Massachusetts merely because he had exercised his statutory right to remove a suit to the federal district court in Massachusetts, the Court, I cannot but conclude, is disregarding the venue requirements of the Clayton Act.

The respondent, a Massachusetts corporation, brought an action for breach of contract in the Superior Court of Essex County, Massachusetts, against the petitioner, a resident of Ohio, by serving him personally while at a hotel in Boston. Since there was the requisite diversity of citizenship and jurisdictional amount, the petitioner appeared specially in the state court, removed the cause to the federal district court in Massachusetts, filed an answer and a counterclaim for damages, and moved for summary judgment under Rule 56 (b) of the Federal Rules of Civil Procedure. Thereafter, on the day before the hearing on this motion, the respondent moved to amend its complaint by adding a cause of action for treble damages under § 4 of the Clayton Act. At that time the petitioner was no longer present in Massachusetts. The district court granted the petitioner's motion for summary judgment, and denied the respondent leave to amend its complaint. The reasons for the court's action appear in its opinion:

"This court has jurisdiction under the anti-trust laws over a nonresident only if he is found in the district or has an agent therein. 15 U. S. C. § 15. The defendant while in the Commonwealth was served with process in a common law action of contract. The plaintiff [respondent] obviously seeks to take advantage of this fact in order to obtain jurisdiction over the person in a suit involving

a new and entirely different subject-matter, namely, the enforcement of rights arising under federal statutes. . . . It follows from the foregoing that if the plaintiff is allowed to add the cause of action alleged in its motion, the amended complaint would be subject to successful attack on jurisdictional grounds. . . . The motion is, therefore, denied without prejudice to plaintiff's right to seek redress by suit brought originally in the Federal court." 42 F. Supp. 938, 939.

As in *Camp* v. *Gress,* 250 U. S. 308, 311, therefore, the petitioner objected "not to the jurisdiction of a federal court, but to the jurisdiction over him of the court of the particular district; that is, the objection is to the venue." Such a use of the term "jurisdiction" in the sense of venue is by no means uncommon. See, *e. g., Burnrite Coal Co.* v. *Riggs,* 274 U. S. 208, 211–12. Although the record contains no specific objection by the petitioner to the amendment of the complaint by adding the cause of action under the anti-trust laws, the opinion of the district court recites that the parties "have now been heard upon this [respondent's] motion" to amend the complaint, and that the "question presented is whether this amendment should be allowed." 42 F. Supp. at 939. The petitioner's resistance to the entertainment by the district court of the proposed claim under the Clayton Act must mean that he objected to being sued in the federal district court in Massachusetts because he was not amenable to the process of that court; in other words, because that court was without venue.

In vacating the judgment of the district court, the Circuit Court of Appeals stated: "The fact that in all probability the plaintiff in the case at bar could not bring a separate action under the anti-trust laws against the defendant in the district court sitting in Massachusetts because the defendant could avoid the service of process upon him by remaining outside of the district cannot

affect the jurisdiction of the court to allow the amendment. This is only a fact to be considered by the district court in exercising its discretionary power to allow or disallow the amendment. Since the court below did not exercise its discretionary power but ruled that it lacked jurisdiction to allow the amendment we must remand to that court for further proceedings." 131 F. 2d 190, 194–95. The Circuit Court of Appeals plainly did not regard the petitioner as having waived his objection to the "jurisdiction" or venue of the district court in Massachusetts. It placed its reversal of the district court on another ground, the correctness of which I shall consider later.

Nor can the petition for certiorari, read in its entirety, be construed as an abandonment of the petitioner's objection to the venue of the Massachusetts district court. True enough, the "only question presented" is stated to be "whether a plaintiff may amend his complaint in a removed action so as to state a new and independent cause of action against the defendant which would be outside the state court's jurisdiction." But the text of the petition makes it clear that the petitioner's "jurisdictional" objections included the claim that venue was not properly laid in the Massachusetts district court. On pages 16 and 17, for example, he states:

"The question of venue or jurisdiction of the person is not a matter lightly to be disregarded. It depends upon substantive law. The right of a person to be sued only in the district of which he is an inhabitant is carefully guarded by the general venue statute, Judicial Code, section 51. . . . Now, being 'found' is a sporadic, temporary thing, very different from being 'an inhabitant.' The petitioner Freeman was 'found' at one particular time and subjected to suit on a cause of action in contract. . . . The original cause of action was removed to the District Court, but this did not make Freeman 'an inhabitant' so that he could be served at any time. The only way in

which jurisdiction can be obtained of Freeman in this district for a cause of action under the Antitrust Laws is by having him 'found' here. This result cannot be secured by 'amending' an existing complaint, because it would not only violate the whole theory of venue, but it would be in direct violation of Rule 82 [of the Federal Rules of Civil Procedure], which is superior to Rule 15."

I quite agree with the Court that venue is a privilege that may be waived, that it "may be lost by failure to assert it seasonably." *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165, 168. But the waiver must be actual, not fictitious. There must be a surrender, not resistance. No doubt a party who, having a valid objection to the venue of a suit, pleads to the merits instead of making objection waives his objection. *Panama R. Co.* v. *Johnson*, 264 U. S. 375, 385; *Burnrite Coal Co.* v. *Riggs*, 274 U. S. 208, 212. Here the petitioner answered the state suit before and not after the respondent sought to amend its complaint to add an exclusively federal cause of action under the anti-trust laws. His defense to the contract claim could not possibly waive any venue objections with respect to a claim subsequently made under the anti-trust laws. One cannot waive an objection which he cannot assert.

The Court relies upon Rules 15 and 18 of the Federal Rules of Civil Procedure, which establish liberal rules for the joinder of causes of action. But these Rules do not dispense with the requirements of venue. Rule 82 explicitly provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Because causes of action could be joined, if properly brought, does not prove that they are properly brought. A liberal rule regarding joinder of actions does not eliminate the problems of suability created by the various venue provisions. The removal statute itself does not

impliedly repeal the multitudinous venue restrictions imposed by Congress. And certainly Rules 15 and 18 did not do so, especially since Rule 82 contains a specific disavowal of such implications.

The provision of the removal statute that once a suit is removed, the district court shall "proceed therein as if the suit had been originally commenced in said district court," § 38 of the Judicial Code, 28 U. S. C. § 81, in no wise extends the jurisdiction or venue of the district court after removal. The provision means only that when a suit is removed to the federal courts, it shall be disposed of in the manner in which business is conducted there. The requirement of federal law that there be a unanimous verdict of the jury, for example, applies even to suits removed from a state court where a majority of eight can render a verdict. See *Minneapolis & St. Louis R. Co.* v. *Bombolis,* 241 U. S. 211. Of course, therefore, the Federal Rules of Civil Procedure are equally applicable to suits removed to the federal courts. Rule 81 (c). But the venue restrictions imposed by federal legislation and left undisturbed by the Rules are not eliminated merely because the suit is one which has been removed. The venue of the federal court is the same, whether the suit be originally instituted in or removed to the federal court. It certainly is not enlarged by the fact of removal.

Joinder is permissible only if the causes of action are properly in court, that is, if the requirements of venue as well as jurisdiction are satisfied. If these requirements are not met, an order of court directing joinder cannot dispense with them. The respondent here sought to add a cause of action for treble damages under § 4 of the Clayton Act—a cause of action over which the district court in Massachusetts could have venue only if the petitioner resided in Massachusetts, or was found there either in person or through an accredited agent. But at the time of the proposed amendment to the complaint seek-

ing to add this claim, the petitioner was not a resident of Massachusetts nor can he be said to have been "found" there in any legitimate sense of the word. His only contact with Massachusetts was the fact that he was a defendant in an action for breach of contract brought in a Massachusetts state court and properly removed to the federal district court there. If the respondent had instituted a separate suit in Massachusetts against the petitioner under the anti-trust laws, neither the state court, *Blumenstock Bros.* v. *Curtis Publishing Co.*, 252 U. S. 436, 440, nor the federal court in Massachusetts could entertain the suit on the ground that the petitioner was "found" there merely because he was a defendant to the contract suit.

I know of no case which has construed the requirement of "found," as applied to a natural person, to mean anything less than actual physical presence. The *Neirbo* case is obviously without relevance here. The problem there was that of fitting a fictive personality into legal categories designed for natural persons. A corporation is never "found" anywhere except metaphorically. In recognition of this fact the *Neirbo* case held that when a corporation assents to the conditions governing the doing of business within a state, it is as much "found" there for purposes of federal law as for those of state law. But in the case of a natural person, he can be "found" not metaphorically but physically. And when a person is not actually physically present in a place, he is not, "so to speak," "found" there except in the world of Alice in Wonderland.

The case therefore reduces itself to this: if the petitioner had not removed the action for breach of contract to the federal court, he could not possibly be compelled to defend a suit under the anti-trust laws brought against him in Massachusetts. His mere exercise of the right of removal given him by Congress has resulted in his being

made subject to suit in a place other than that specified by Congress in § 4 of the Clayton Act. This is to add to the removal privilege a condition of hardship which Congress itself has not imposed for the simple reason that it runs counter both to the underlying assumption of diversity jurisdiction and to the historic rule that the "jurisdiction of a district court *in personam* has been limited to the district of which the defendant is an inhabitant or in which he can be found." *Robertson* v. *Labor Board,* 268 U. S. 619, 627. The Court invokes no policy of judicial administration which could warrant disregard of this long established legislative policy.

The derivative nature of removal jurisdiction, see *Minnesota* v. *United States,* 305 U. S. 382, 389, is not based upon technical rules of law. Congress deemed it fair and just that a nonresident who is being sued outside his state should be able to transfer the suit to a neutral federal court without losing or gaining any privileges by such transfer. The decision in this case turns an opportunity given by Congress to assure fairness and impartiality into a Hobson's choice. By removing a suit to the federal court a defendant is subjected to a liability— namely, to be sued in a district where he is neither a resident nor found, under a statute providing that he can be sued only where he is either a resident or found—from which he would be free if he remained in the state court. In other words, the right of removal is curtailed by depriving a defendant of territorial immunities from suit given by Congress in the enforcement of federal statutes, presumably because it deemed place for suit important in a country having the dimensions of a continent.

MR. JUSTICE ROBERTS, MR. JUSTICE REED and MR. JUSTICE JACKSON join in this dissent.