**Jannelle A. PONDERENDOLPH, Administratrix of the Estate of Joseph M. Ponderendolph, Jr., Deceased, Plaintiff,**

v.

**DERRY TOWNSHIP and Unity Township, Original Defendants,**

v.

**Roy TRESSLER and United States of America, County of Westmoreland, a municipal corporation, and Joseph Rellick, Additional Defendants.**

Civ. A. No. 68–1352.

United States District Court
W. D. Pennsylvania.

July 1, 1969.

Ned J. Nakles, Latrobe, Pa., for plaintiff.

Avra N. Pershing, Jr., Greensburg, Pa., for Derry Township.

Christ C. Walthour, Jr., Greensburg, Pa., for Unity Township.

Richard L. Thornburgh, U. S. Atty., for U. S., Tressler and Rellick.

Bernard J. McAuley, Pittsburgh, Pa., for County of Westmoreland.

OPINION

WEBER, District Judge.

This is a removed state court action. Removal was made after the original defendants, under the Pennsylvania third-party practice, joined as additional defendants, the United States of America, Roy Tressler and Joseph Rellick. The complaint against the additional defendants, Tressler and Rellick, alleges that they were, at the time of the events in question, employees of the Corps of Engineers of the United States Army and that as agents, servants and employees of the United States in the course of their employment and in the scope of their authority they had charge and control of the gates regulating the level of waters in the Loyalhanna Flood Control Dam. It is alleged their negligence in the operation of the dam gates was the cause of the drowning of plaintiff's decedent. The United States Attorney appeared specially in the state court action and filed a preliminary objection in the form of a petition to dismiss the ac-

tion against the United States as defendant because exclusive jurisdiction over such suits is vested in the United States District Courts under 28 U.S.C. § 1346(b), the Federal Tort Claims Act. Thereafter, the United States removed the action to this United States District Court under 28 U.S.C. § 1446. Thereafter, the United States Attorney filed in this Court:

(1) Motion to Dismiss the United States as Defendant, and

(2) Motion to Dismiss, and in the Alternative for Summary Judgment on behalf of Defendants Roy Tressler and Joseph Rellick.

The United States argues as to itself that it is immune from suit in the state courts, and that the jurisdiction of this court being derivative in a removed action, this Court's jurisdiction remains what it would have been under state law. Block v. Block, 196 F.2d 930 [7th Cir., 1952]; Samson v. General Cas. & Ins. Co. of America, 104 F.Supp. 751 [N.D. Iowa, 1952]. We agree with this. However, this is a matter over which the United States District Courts have exclusive jurisdiction under the Federal Tort Claims Act.

28 U.S.C. § 1447(a), (The Removal Act) provides that:

"In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."

This action against the United States is subject to dismissal for lack of jurisdiction, but we will stay such order for a reasonable period to allow an amendment properly joining the United States as a party.

In Freeman v. Bee Machine Co., 319 U.S. 448, p. 451, 63 S.Ct. 1146, p. 1148, 87 L.Ed. 1509 [1943], the Court considered this problem and stated:

The Lambert Co. [Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671] case and those which preceded and fol-

lowed it merely held that defects in the jurisdiction of the state court either as respects the subject matter or the parties were not cured by removal but could thereafter be challenged in the federal court. We see no reason in precedent or policy for extending that rule so as to bar amendments to the complaint, otherwise proper, merely because they could not have been made if the action had remained in the state court. If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment.

The second motion of defendants Rellick and Tressler to dismiss and/or to grant summary judgment is based on the alleged immunity of federal officers from suit in the state courts. The defendants cite Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 [1959], and Keiser v. Hartman, 339 F.2d 597 [3d Cir. 1964], cert. den. 381 U.S. 934, 85 S. Ct. 1764, 14 L.Ed.2d 699 [1965]. There is an indistinct line separating those cases upholding the immunity doctrine because of the nature of the position held by the federal officer, his authority and the scope of his discretion, and those allowing suit. See Norton v. McShane, 332 F.2d 855 [5th Cir. 1964], for a discussion of these cases. Original defendant cites the Federal Tort Claims Act cases as showing the waiver of immunity, but original defendant did not bring his claim under that Act, and the State Court had no jurisdiction to entertain a claim under that Act.

However, for the reasons set forth with respect to the claim against the United States, we will not dismiss without giving original defendant an opportunity to amend his pleading. We note that the removal of this action was made under 28 U.S.C. § 1442, by the representation of the United States Attorney that the complaint against these additional defendants alleged that they were

acting within the scope of their office or employment as employees of the United States. Upon such proper amendment we may then consider any further proceedings that may be indicated under 28 U.S.C. § 2679(c) and (d).

## ORDER

And now this 1st day of July, 1969, upon consideration of motions of Additional Defendants, United States of America to Dismiss, and defendants Tressler and Rellick to Dismiss and/or for Summary Judgment;

It is ordered that consideration of said motions shall be withheld until July 30, 1969, and that original defendant Derry Township shall have leave to amend its complaint against such additional defendants to set forth such cause or causes of action as may be cognizable under the jurisdiction of this Court.