**STATE OF WEST VIRGINIA ex rel. Charles G. BROWN, Attorney General, Plaintiff,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY; American Casualty Company of Reading, Pennsylvania; National Fire Insurance Company of Hartford; Continental Casualty Company; and Ohio Hospital Insurance Company, Defendants.**

**Civ. A. No. 2:86–0454.**

United States District Court,
S.D. West Virginia,
Charleston Division.

April 23, 1986.

Walt Auvil, Donald L. Darling, Deputy Attys. Gen., Charleston, W.Va., for plaintiff.

Carl F. Stuckey, Jr., Steptoe & Johnson, Charleston, W.Va., for St. Paul.

Roger W. Tompkins, II, Paul E. Frampton, Bowles, McDavid, Graff & Love, Charleston, W.Va., for Continental Cas. Co.; American Cas. Co. of Reading, Pa. and Nat. Fire Ins. Co. of Hartford.

James B. Hughes, Jr., Bricker & Eckler, Columbus, Ohio, for Ohio Hosp. Ins. Co.

## ORDER

HADEN, Chief Judge.

At a hearing held April 18, 1986, at the United States Courthouse in Parkersburg, West Virginia, in the presence of counsel for all parties in this action, the Court considered the Plaintiff's action to remand this action to the Circuit Court of Kanawha County, from which it was removed on April 17, 1986. Upon hearing argument of counsel, the Court issued a bench ruling, incorporated herein by reference, remanding this action to the Circuit Court of Kanawha County. In summary, the Court's reasoning included the following.

The Defendants raise two bases for federal jurisdiction: diversity, pursuant to 28 U.S.C. § 1332 and federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The Court notes that the Attorney General can, under the laws of the State of West Virginia, represent the State of West Virginia in an action such as the one here maintained. *W.Va. Code*, § 47–18–8. *Hughes-Bechtol, Inc. v. The West Virginia Board of Regents*, 737 F.2d 540 (6th Cir.1984) holds that a representative of the state acting as the alter-ego of the state cannot be deemed a citizen of any state for the purposes of determining diversity jurisdiction. *See also Connecticut v. Levi Strauss & Co.*, 471 F.Supp. 363 (D.Ct.1979). The Court concludes that there is no diversity jurisdiction in the instant action.

With respect to the Defendants' claim that federal question jurisdiction exists, the Court determines that the complaint states broadly an action purportedly under the West Virginia Antitrust Act. *W.Va.Code*, § 47–18–1, *et seq.* The Court further observes that the complaint at Paragraph 16 explicitly refers to boycotts, coercion and intimidation. The Court concludes from the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, that an antitrust claim relying on such conduct to establish a right for relief necessarily invokes a remedy under the laws of the United States, to-wit, the Sherman Antitrust Act. 15 U.S.C. § 1, *et seq.* and 1013(b). The Court further notes that jurisdiction under the Sherman Antitrust Act is exclusively federal. 15 U.S.C. § 15, *Freeman v. Bee Machine Co.*, 319 U.S. 448, 451 n. 6, 63 S.Ct. 1146, 1148 n. 6, 87 L.Ed. 1509 (1943).

It has been held that a federal court on removal obtains only such jurisdiction as had by the state from which the case was removed. As federal courts have exclusive jurisdiction over federal antitrust claims, as noted above, a state court could not possess subject matter jurisdiction to be removed to federal court. *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1430–31 (9th Cir.1984); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 575 (7th Cir.1982). This action appears to invoke at Paragraph 16 of the Plaintiff's complaint a matter of exclusive federal jurisdiction, and as such, there was no subject matter jurisdiction in the state court to remove to the federal court. The federal court in this instance must rely upon the state court's ability to recognize exclusive federal jurisdiction, and act accordingly.

The Court thus determines that there is no federal subject matter jurisdiction on

removal, and that the Plaintiff's motion to remand should be and hereby is granted.

The Clerk is directed to send a certified copy of this Order to counsel of record.