**Robert and Janet MOORE, Plaintiffs,**

v.

**Shirley E. HEALY, as trustee of Dock Lane Realty Trust and as personal representative of the estate of Florence E. Houle; and Mary Corozza and Robert Corozza, as trustees of Corozza Trust, Defendants.**

**Civ. A. No. 90–11551–MA.**

United States District Court,
D. Massachusetts.

Sept. 17, 1990.

Donna DiStefano Gardner, Murphy, Graham and Gardner, Newburyport, Mass., for plaintiffs.

David Berman, Berman & Moren, Medford, Mass., for defendants.

### MEMORANDUM AND ORDER

MAZZONE, District Judge.

This action was originally filed in the Superior Court of Massachusetts. Defendants sought removal to this court, filed an answer, and now move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

## I

For the purposes of a Rule 12(c) motion for judgment on the pleadings, this court must accept the plaintiffs' allegations as true and draw all reasonable inferences in their favor. *Rivera–Gomez v. De Castro*, 843 F.2d 631, 635 (1st Cir.1988). Thus, for the purposes of this motion only, the following facts are assumed to be true:

Plaintiff Janet Moore, who, together with her husband, plaintiff Robert Moore, resides in Florida and is domiciled in New Jersey, is the niece of Florence E. Houle. From 1978 to 1988, Mrs. Houle resided at a property located at Dock Lane, in the town of Salisbury, Massachusetts. Plaintiffs en-

tered into an oral agreement with Mrs. Houle, whereby they agreed to perform services in return for which Mrs. Houle would leave them one half of her estate, which plaintiffs understood to include the Dock Lane property.

From 1981 to 1988, plaintiffs provided Mrs. Houle companionship and performed services including bookkeeping, landscaping, and cleaning and maintenance of Mrs. Houle's house at Dock Lane. Plaintiffs commuted from New Jersey every weekend in 1982 and approximately every other weekend through 1988. While in Salisbury, they stayed in a mobile home that they had erected on the Dock Lane property.

Mrs. Houle died on June 4, 1989. Her will, executed in Massachusetts on May 4, 1989, recites that she is a domiciliary of Florida and names as co-executors, defendant Shirley Healy and John J. Ryan, who was Mrs. Houle's attorney. The will provides a legacy of $100 for Janet Moore. The bulk of Mrs. Houle's estate passes through a residuary clause, half to defendant Healy and half to the Corozza Trust, of which defendants Mary Corozza and Robert Corozza are trustees and beneficiaries. The will was admitted to probate in Florida, where plaintiffs have filed a claim. The Dock Lane property, however, does not appear in the inventory of the probate estate, as title to the property was transferred during Mrs. Houle's lifetime to one Dock Lane Realty Trust. (Plaintiff's complaint and affidavits do not establish who are the beneficiaries of this trust, although the complaint describes the trust as "a grantor retained interest trust.") If, at her death, Mrs. Houle indeed retained any interest in the Dock Lane trust, it presumably would pass to the defendants through the residuary clause.

## II

Plaintiffs offer two theories to entitle them to relief for the wrong done them by Mrs. Houle. Count I of their complaint asserts a claim for breach of contract,

namely, Mrs. Houle's promise to leave them half of her estate. Count II asserts a claim in quantum meruit in the amount of $100,000 for the fair value of their services.

As to the "contract" claim, defendants correctly argue that it is barred by the Statute of Frauds. No agreement to make a will, legacy, or devise can be valid unless in writing. Mass.Gen.Laws ch. 259, §§ 5, 5A. Because the plaintiff's claim is based on an oral agreement and no evidence of a writing is offered, judgment for the defendants on Count I is required.

■ It is equally well settled, however, that parties in the position of the plaintiffs here can sue the decedent's estate in quantum meruit for the fair value of their services. See, e.g., Green v. Richmond, 369 Mass. 47, 49–50, 337 N.E.2d 691 (1975). Because such claims are essentially against the decedent, they must be brought against the executor or administrator of the decedent's estate.[1] See Mass.Gen.Laws ch. 230, § 1. The Corozza defendants, merely as beneficiaries of Mrs. Houle's will, are not properly before this court. Therefore, the suit must be dismissed as to them.

■ The defendants also argue that Ms. Healy is not properly before this court because her appointment as executor of the estate in Florida does not operate in Massachusetts. Although this case was properly removed to this court, defendants correctly assert that if the case could not have originally been brought in Massachusetts, it cannot be maintained in federal court. See Freeman v. Bee Mach. Co, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). In an argument that they style as an attack on the state court's subject matter jurisdiction, defendants assert that the lack of an executor named in Massachusetts is a fatal flaw to these proceedings.

This assertion, however, ignores the fact that the Massachusetts Supreme Judicial Court discussed this argument at length and rejected it in Saporita v. Litner, 371 Mass. 607, 614–17, 358 N.E.2d 809 (1976), a case very similar to the case at bar. In Saporita, the plaintiff sought to recover for services she had provided the testator in Massachusetts over a period of years.

---

1. The complaint avers that Mrs. Houle's will named defendant Healy and John J. Ryan as co-executors. I note that Mr. Ryan has not been named as a defendant.

Although the testator owned no property in the Commonwealth and his will had been admitted to probate in Connecticut, the Court permitted a suit against the Connecticut executor. Explaining that the general rule that a foreign executor is not subject to suit is based on the unwillingness of the courts of one state to recognize personal representatives appointed in another, not on the absence of jurisdiction, the Court held that "the State may authorize suits against a foreign personal representative if the court has jurisdiction over him." *Id.* at 616, 358 N.E.2d 809. The Court found personal jurisdiction over the testator arising from the "minimum contacts" he had formed with the Commonwealth through his residence in Massachusetts and the formation and performance of his oral agreement with the plaintiff in Massachusetts, *id.* at 618, 358 N.E.2d 809, and over the Connecticut executor through personal service within the Commonwealth. *Id.* at 619, 358 N.E.2d 809. *Cf. Toczko v. Armentano,* 341 Mass. 474, 170 N.E.2d 703 (1960) (upholding Mass.Gen.Law ch. 90, § 3A, which provides personal jurisdiction over the executor or administrator of the estates of nonresident motorists).

Mrs. Houle's many years of residence in Salisbury, combined with the fact that the acts and omissions that comprise the basis of this dispute all occurred in Massachusetts, would certainly be sufficient basis for the exercise of personal jurisdiction over her. Consequently, Massachusetts also has personal jurisdiction over Ms. Healy as the foreign executor. For although Ms. Healy is a resident of California, the laws of Massachusetts provide that "a foreign personal representative shall be subject to the jurisdiction of the courts of the commonwealth to the same extent that his decedent was subject to jurisdiction immediately prior to death." Mass.Gen.Laws ch. 199A, § 9.[2]

**2.** For the purposes of this 12(c) motion, the plaintiffs' allegations as to Mrs. Houle's Massachusetts contacts have been construed in their

ORDER

With regard to Count I of the complaint, for contract damages, judgment for the defendants is granted. Count II, in quantum meruit, is dismissed as to the Corozza defendants. The action in quantum meruit may be maintained against Ms. Healy, solely in her capacity as executor of the estate of Mrs. Houle.

favor. In further proceedings, defendant Healy is free to contest the factual basis of this assertion of personal jurisdiction.