**Ernest GIONFRIDDO, Plaintiff**

v.

**Robert SALAF, et al, Defendants**

**Robert Salaf, et al, Defendants/Apportionment Plaintiffs**

v.

**United States of America (Hector Carrero) Apportionment Defendant**

**No. 3:03–CV–1585 (EBB).**

United States District Court, D. Connecticut.

Sept. 29, 2004.

_____

Paul Stewart Levin, Hartford, CT, for Ernest Gionfriddo, Plaintiff.

Anne K. Millham, Letizia, Ambrose & Cohen, New Haven, CT, Kristen Sotnik Falls, Letizia, Ambrose & Cohen, New Haven, CT, for Network, Inc, Intervenor Plaintiff.

James M. Moher, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, Todd W. Whitford, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, Brenda M. Green, U.S. Attorney's Office–BPT, Bridgeport, CT, for Robert Salaf, Hector Carrero, USA, Defendants.

**5.** AIICO/ISOP's Cross Motion for Summary Judgment (docket No. 19024) is hereby DE- NIED.

*RULING ON APPORTIONMENT DE-FENDANT'S MOTION TO DISMISS APPORTIONMENT COMPLAINT*

ELLEN BREE BURNS, Senior District Judge.

### INTRODUCTION

The Apportionment Defendant, United States of America (the "Government"), moves pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss the Apportionment Complaint for lack of subject matter jurisdiction.

Robert Salaf, Defendant and Apportionment Plaintiff (Salaf), brought this Apportionment Complaint in Connecticut Superior Court pursuant to Connecticut General Statutes, Sections 52–102b and 52–572h (2004)[1] against federal postal employee Hector L. Carrero ("Carrero"). Salaf alleges that Carrero contributed to cause the injuries claimed by Plaintiff, Ernest Gionfriddo ("Gionfriddo"), against Salaf, arising out of a motor vehicle accident on July 9, 2002, between Salaf and Gionfriddo. *Gionfriddo v. Salaf,* No. CV03 0081020 S (Conn.Super. Ct., filed August 15, 2003).

### STATEMENT OF RELEVANT FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues in, and the decision rendered on, this motion. The facts are culled from the federal Apportionment Complaint.

As noted above, Gionfriddo was in a motor vehicle accident with Salaf on July 9, 2002. Gionfriddo filed a complaint in the Connecticut Superior Court for damages against Salaf with a return date of April 22, 2003. On August 15, 2003, Salaf filed an Apportionment Complaint against Carrero in the Superior Court, praying for relief in the form of apportionment of liability. The Government moved to be substituted as Defendant pursuant to 28 U.S.C. Section 2679[2], and timely removed the action on September 16, 2003, pursuant to 28 U.S.C. Section 1442(a)(1). On September 24, 2003, the Motion to Substitute the United States as Apportionment Defendant was granted.

The Government now seeks dismissal of the Apportionment Complaint, due to lack of subject matter jurisdiction, inasmuch as this court did not obtain derivative jurisdiction from the state court upon removal.

### LEGAL ANALYSIS

#### I. *The Standard of Review*

A motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(1) must be granted if the Plaintiff fails to establish subject matter jurisdiction. Federal courts are empowered to hear only those cases that: (1) are within the judicial power of the United States, as defined by the Constitution; or (2) have been entrusted to them by a jurisdictional grant by Congress. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 372, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). If a court concludes that it does not have subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction ... when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "A plaintiff asserting

---

1. These Connecticut apportionment statutes outline procedural and substantive requirements of apportionment complaints, as well as statutory guidelines for apportionment of liability in negligence actions.

2. This statute provides that, exclusive of remedies provided by 28 U.S.C. Sections 1346(b) and 2672, the United States shall defend any civil action against an employee of the Government. Sections 1346(b) and 2672 have no relevance to the present case.

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

## II. *The Standard as Applied*

 Under the standards enunciated above, Apportionment Plaintiff has failed to meet his burden of demonstrating to this court that it has subject matter jurisdiction over Salaf's Apportionment Complaint. This lack of jurisdiction is grounded in the doctrine of derivative jurisdiction which holds that, if the state court where an action was originally commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal. *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939).

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R R., Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922). *Accord Freeman v. Bee Machine Co.,* 319 U.S. 448, 451, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943)(any defect in jurisdiction present in state court action may be asserted in the federal court); *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 72–73 (2d Cir.1998)(same). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Nordlicht v. New York Tel. Co.,* 799 F.2d 859, 863 (2d Cir.1986).

In the present case, the Superior Court did not have the judicial authority to adjudicate Salaf's Apportionment Complaint.

[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government. . . .

28 U.S.C. § 1346(b)(1)(in pertinent part). The statute is clear; this court has sole jurisdiction over Salaf's claims for apportionment against the United States. *See* Apportionment Complaint filed in state court at ¶¶ 3, 4 (naming Carrero, a federal employee of the U.S. Postal Service, as the operator of a 1994 Grumman Mail Truck who pulled from a stopped position without looking, causing Salaf to take evasive action, and alleging that the injuries, losses and damages suffered by Gionfriddo, were caused by the negligence and carelessness of the Government, as properly substituted for Carrero).

The Superior Court had no jurisdiction over the apportionment claim; this lack of jurisdiction was not altered by removal.

## *CONCLUSION*

It is clear that the doctrine of derivative jurisdiction implicates the claims over which this court may exercise jurisdiction. The present claim of the Apportionment Complaint is not one of them. *Accord Moreland v. Van Buren GMC,* 93 F.Supp.2d 346, 353–355 (E.D.N.Y. 1999)(when defendants filed a third-party complaint for contribution and indemnity against two government agencies and, once properly removed, filed a second third-party complaint pursuant to the Federal Tort Claims Act, motion to dismiss granted, on basis of derivative jurisdiction, inasmuch as state court lacked jurisdiction over claims brought pursuant to FTCA). *See also Edwards v. U.S. Department of Justice,* 43 F.3d 312, 316 (7th Cir.1994)(doctrine of derivative jurisdiction barred state court from issuing subpoenas to FBI in order to compel discovery).

Accordingly, the Government's Motion to Dismiss [Doc. 18] is granted on the basis of this court's lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

For the same reasons that the court lacks jurisdiction over Salaf's apportionment complaint, it similarly lacks jurisdiction over the apportionment complaints filed by plaintiff Gionfriddo and intervening apportionment plaintiff, Network, Inc., and those complaints are dismissed *sua sponte.*

This action is remanded to the Connecticut Superior Court.

SO ORDERED