FILED
United States Court of Appeals
Tenth Circuit

December 3, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HOLLI LUNDAHL, a/k/a Holli Telford,

      Plaintiff - Appellant,

v.

THE HOME DEPOT, INC.;
CITIBANK, N.A.,

      Defendants - Appellees.

No. 14-8001
(D.C. No. 2:13-CV-00222-SWS)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **McHUGH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Plaintiff Holli Lundahl, proceeding pro se,[1] appeals from the district court's

order denying her motion for sanctions under Fed. R. Civ. P. 11 against defendants

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      Ms. Lundahl is under filing restrictions, as described in *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *3-4 (10th Cir. June 8, 2005). This court granted her permission to proceed pro se in this case by order issued February 5, 2014.

Home Depot, Inc., and Citibank N.A based on her assertion they wrongfully removed the case from state court. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

Ms. Lundahl filed a pro se lawsuit in Wyoming state court in July 2013, against Home Depot, Citibank (collectively, the "Defendants"), and three credit reporting agencies. She alleged she received an incorrect refund on her Home Depot credit card, which is issued by Citibank. She did not serve, and later voluntarily dismissed, the credit reporting agencies. The state court entered default judgment against the Defendants on September 23, 2013, after they failed to file an answer. On October 1, 2013, the Defendants removed the suit to federal court, asserting the district court's original federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). The Defendants also sought to set aside the Wyoming default judgment under Fed. R. Civ. P. 60(b)(4), claiming they had not been properly served in state court.

The Defendants asserted that Ms. Lundahl's complaint included two federal claims. First, her complaint alleged she had been assessed interest on her credit card "in violation of . . . the federal and state usury laws; thus constituting illegal loan sharking on Home Depot['s] and Citibank's behalf." R. Vol. 1, at 17, Compl. ¶ 13. The Defendants noted that Citibank is a national bank and cited the Supreme Court's "'longstanding and consistent construction of the National Bank Act as providing an exclusive federal cause of action for usury against national banks.'" *Id*. at 7, Notice

- 2 -

of Removal (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10 (2003); *see* 12 U.S.C. §§ 85-86 (interest rate and usury provisions relating to national banks). Second, Ms. Lundahl's complaint alleged she was entitled to compensatory damages because she had been subjected to an increased mortgage rate "as a result of defendants['] willful violations of the Wyoming Consumer Protection Act and the [f]ederal [Fair] Credit Reporting Act, [15 U.S.C. §§ 1681-1681x ("FCRA")]." R. Vol. 1, at 19, Compl. ¶ 20.

Ms. Lundahl moved to remand the action to state court, arguing that the sole claim asserted against the Defendants was a violation of Wyoming law; that the FCRA claim was asserted only against the three credit reporting agencies, which she had dismissed; and that her complaint mentioned usury under federal law only in passing. She also moved to strike the Defendants' motion to set aside the default judgment and requested sanctions or contempt damages in the amount of $20,000 under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11 based on their wrongful removal of the case from state court.

The district court held a hearing on the parties' motions. It stated it had "carefully reviewed and re-reviewed the complaint" and reviewed the law with respect to the FCRA. R. Doc. 32, ("Hr'g Tr."), at 7.[2] The court concluded that,

---

[2] The transcript of the November 22, 2013, hearing was filed in the district court on April 24, 2014, after the primary volumes of the record on appeal were filed. The transcript is also part of the record on appeal pursuant to 10th Cir. R. 11.2(A) ("In a

(continued)

"while [it could] certainly see the basis that the defendants in this action sought removal, upon review and based upon the subsequent dismissal of the consumer credit reporting agency defendants," there was not a federal question that was fairly presented. *Id*. at 7-8.[3] The district court noted that while paragraph 20 of Ms. Lundahl's complaint broadly sought damages against "defendants" for violation of the FCRA, paragraph 5 of the complaint, which discussed her FCRA claim in detail, was asserted only against the credit reporting agencies. *Id*. at 8. Thus, notwithstanding Ms. Lundahl's broad use of the term "defendants" in paragraph 20, the district court concluded that, in the context of paragraph 5, Ms. Lundahl's FCRA claim was not asserted against Home Depot or Citibank. *Id*. As to the federal usury claim, the district court noted that Ms. Lundahl's prayer for relief on the final page of her complaint did not actually claim any damages tied to usury interest. *Id*. at 8-9. The district court described its decision to remand as a "close call" because Ms. Lundahl's complaint was drafted in generalities and failed to separate the claims for relief. *Id*. at 9.

---

pro se appeal . . . the district court clerk must forward the record to the circuit clerk [which] must include any transcript that has been filed . . . .").

[3]     The transcript of the November 22, 2013 hearing was filed in the district court April 24, 2014, after the record on appeal was filed, but it is part of the record on appeal pursuant to 10th Cir. R. 11.2(A) ("[i]n a pro se appeal . . . the district court clerk must forward  the record to the circuit clerk [which] must include any transcript that has been filed . . . .").

"[B]ased upon the lack of specificity" in Ms. Lundahl's complaint and the court's conclusion that the Defendants had a "good faith basis" to seek removal, the district court declined to impose any damages or sanctions for filing a notice of removal, as Ms. Lundahl had requested. *Id.* The district court remanded the case to state court and ruled the Defendants' Rule 60(b)(4) motion seeking to vacate the state's default judgment was moot.

## II. Discussion

Ms. Lundahl appeals the district court's denial of sanctions under Rule 11.[4] Under Rule 11, a signer of a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing

---

[4]     Ms. Lundahl's brief does not challenge the district court's dismissal of her request for costs and expenses incurred as a result of the removal under 28 U.S.C. § 1447(c), though she makes a few passing references to § 1447(c). Awards under § 1447(c) are left to the district court's wide discretion, and there is no presumption in favor of a § 1447(c) award when a case is remanded to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-41 (2005) (noting that "awarding fees simply because the party did not prevail could discourage all but the most airtight claims, for seldom can a party be sure of ultimate success") (bracket and internal quotation marks omitted). "[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied." *Id.* at 141. As a pro se litigant, we construe Ms. Lundahl's brief liberally; thus, to the extent that she preserved her § 1447(c) claim for appellate review, we find no abuse of the district court's discretion in denying her request.

law or for establishing new law." Fed. R. Civ. P. 11(b). This certification standard is one of "[objective] reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (emphasis omitted).

If a court determines that a party has violated Rule 11(b), it may, in its discretion, impose sanctions. Fed. R. Civ. P. 11(c) ("[T]he court *may* impose an appropriate sanction. . . .") (emphasis added)). "This court reviews the district court's refusal to impose Rule 11 sanctions for abuse of discretion." *Brown v. Eppler*, 725 F.3d 1221, 1228 n.3 (10th Cir. 2013). Under this standard, reversal would be appropriate only if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Ms. Lundahl argues that: (1) Rule 11 sanctions were mandatory because the Defendants' basis for removal was a sham; (2) Rule 11 sanctions were proper because the Defendants' action amounted to economic extortion; and (3) Rule 11 sanctions were mandatory because removal of the state suit was barred by the *Rooker-Feldman* doctrine.[5] Contrary to the premise of her arguments, sanctions

---

[5]     Ms. Lundahl failed to raise this issue—that removal was improper because federal review of the state court's default judgment was barred by the *Rooker-Feldman* doctrine—in the district court. Her argument is without merit in any event. "The *Rooker –Feldman* doctrine arose out of [28 U.S.C. § 1257(a)], and provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). But removal does not constitute an appeal, de facto or otherwise, of the state court proceedings; rather it is a continuation of the proceedings and "[t]he jurisdiction exercised on

(continued)

under Rule 11 are discretionary; not mandatory. *See* 5A C. Wright & A. Miller, *Federal Practice and Procedure* (3d ed.), § 1331 at 476 (explaining that under the 1993 amendments to Rule 11, "[t]he district court now has discretion in determining whether or not to apply sanctions for a Rule 11 violation and no longer is mandated to do so as was true under the 1983 amendment"); *Brown*, 725 F.3d at 1228 & nn.2 & 3 (rejecting as meritless the argument that "[a] trial court abuses its discretion when it refuses to impose sanctions . . . for a clear violation of Rule 11").

Ms. Lundahl claims it was "undisputed" that she asserted only state law claims against the Defendants. Aplt. Opening Br. at 6. But this is factually incorrect: her complaint facially alleged federal claims against Home Depot and Citibank; the Defendants disputed her claim that she asserted only state law claims against them; and the district court characterized that dispute as a "close call," Hr'g Tr. at 9. Ms. Lundahl argues removal was frivolous because only credit reporting agencies can be liable under the FCRA. But she did not raise this argument below, arguing only that her complaint did not allege a federal claim against the Defendants. She supported this argument by misquoting her complaint, omitting the FCRA allegations against "defendants" in paragraph 20. *Compare* R. Vol. 1, at 19, Compl. ¶ 20, *with id.* at 256. Moreover, Ms. Lundahl's discussion of her complaint on appeal is selective; she makes no mention of the allegation in her complaint that Home Depot

removal is original not appellate." *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943).

and Citibank, *specifically*, engaged in illegal loan sharking in violation of federal usury laws. *Id.* at 17, Compl. ¶ 13.

The Supreme Court has ruled that circuit courts are to apply an abuse of discretion standard when reviewing all aspects of a district court's Rule 11 decision, including its determination "that a litigant's position is factually well grounded and legally tenable for Rule 11 purposes." *Cooter & Gell*, 496 U.S. at 403-05. Here, the district court determined that its decision to remand was a "close call," and that it could "certainly see the basis" for Defendants' removal, particularly given the deficiencies and generalities in Ms. Lundahl's complaint. Hr'g Tr. at 7-9. Based upon our review of the record, we see no abuse of the district court's discretion to deny Ms. Lundahl's request for sanctions.

Affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge