**Marian S. GAMBLE, Administratrix of the Estate of Donald E. Siegfried, Deceased**

v.

**LYONS PRECAST ERECTORS, INC.**

**LYONS PRECAST ERECTORS, INC.**

v.

**Prismatic Development**

v.

**Morse Diesel.**

No. 92–2122.

United States District Court, E.D. Pennsylvania.

June 22, 1993.

Christopher S. Underhill, Hartman, Underhill & Brubaker, Lancaster, PA, for plaintiff.

Lawrence A. Borda, Timothy J. Bloh, Harvey, Pennington, Herting & Renneisen, Ltd.; Thomas F. Gallagher, Cozen & O'Connor; John R. McHaffie, Frayne & Hatzell, Philadelphia, PA; and James D. Bridge, Leary, Bride, Tinker & Moran, Cedar Knolls, NJ, for defendants.

## MEMORANDUM

ANITA BRODY, District Judge.

I am being called upon to decide whether a federal district court has personal jurisdiction over a third-party defendant corporation whose principal place of business is located outside the forum state but within 100 air miles of the district courthouse. I find that,

pursuant to Fed.R.Civ.P. 4(f), the court has personal jurisdiction over the corporation.

Before me is the motion by third-party defendant Prismatic Development Corporation ("Prismatic") to dismiss the third-party complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Prismatic is a New Jersey corporation whose principal place of business, located in Parsippany, New Jersey, is within 100 air miles of our district court.

## Factual Background

The plaintiff Marian S. Gamble, Administratrix of the Estate of Donald E. Siegfried, is bringing this action in negligence against Lyons Precast Erectors, Inc. ("Lyons"), a New Jersey subcontractor, in connection with the collapse of four precast concrete panels at a construction site in Newark, New Jersey which resulted in the death of Mr. Siegfried.

Lyons filed a third-party complaint under Federal Rule of Civil Procedure 14 for contribution and indemnity from Prismatic.[1] Lyons served process on Prismatic at Prismatic's principal place of business, in Parsippany, New Jersey. The Court has taken judicial notice that all parts of Parsippany, New Jersey are within 100 miles of this court, which sits at 601 Market Street in Philadelphia. (Interim Order of June 1, 1993).

## Discussion

Prismatic moves to dismiss Lyons' third party complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Prismatic argues that Lyons is limited to serving process on Prismatic under Fed. R.Civ.P. 4(e). Prismatic focuses on that part of the Rule 4(e) which provides:

whenever a statute or rule of court of the state in which the district court is held provides ... for service of a summons ...

upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

Following this language, Prismatic asserts that (1) the Pennsylvania long-arm statute extends the jurisdiction of its state courts to the "fullest extent allowed under the Constitution of the United States," 42 Pa.Cons.Stat. Ann. § 5322(b) (Purdon Supp.1981); (2) the due process clause of the 14th Amendment allows a state court to exercise personal jurisdiction over a foreign defendant as long as that defendant has certain minimum contacts with the forum state so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); and (3) this standard of minimum contacts with Pennsylvania cannot be met.[2] For this reason, Prismatic contends, it cannot be served with process from this court, leaving the court without personal jurisdiction over Prismatic.

Fed.R.Civ.P. 4(e), however, also allows service "upon a party not an inhabitant of or found within the state in which the district court is held" in accordance with any "statute of the United States or order of court thereunder" which authorizes such service. Rule 4(f) of the Federal Rules of Civil Procedure is such an "order of court." *See Jacobs v. Flight Extenders, Inc.*, 90 F.R.D. 676, 679 (E.D.Pa.1981). Rule 4(f) provides that:

persons who are brought in as parties pursuant to Rule 14 [as third party defendants], may be served ... at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced.[3]

---

1. The third-party complaint also named Diesel Morse ("Morse"), the general contractor and construction manager on the project in Newark. Morse has not moved to dismiss the third-party complaint for lack of personal jurisdiction.

2. For purposes of this motion, I accept as fact Prismatic's contention that the minimum contacts test with Pennsylvania cannot be met.

3. The one hundred miles is measured in air miles, or "as the crow flies." *See, e.g.* Original Practice Commentary on Fed.R.Civ.P. 4(f), C4–31.

Since Prismatic is within 100 miles of this courthouse, Lyons may serve Prismatic with process of this Court under Rule 4(f).

Although the Third Circuit has never addressed the issue, the circuit courts that have considered the impact of Rule 4(f) upon jurisdiction have uniformly held that the "100 mile bulge rule" in effect extends the territorial jurisdiction of the federal district courts. *Quinones v. Pennsylvania General Ins.*, 804 F.2d 1167 (10th Cir.1986); *Sprow v. Hartford Ins. Co.*, 594 F.2d 412 (5th Cir.1979); *Coleman v. American Export Isbrandtsen Lines, Inc.*, 405 F.2d 250 (2d Cir.1968) (Friendly, J.); *MacNeil v. K. Mart Corp.*, 1987 WL 12291 (E.D.Pa.1987). These decisions follow the general rule that Congress may extend the territorial jurisdiction of a federal district court to any part of the United States. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946). Rule 4(f) is simply a partial application of this authority. *Quinones*, 804 F.2d at 1175–76; *See also*, Fed.R.Civ.P. 4 Advisory Committee note on the 1963 amendments to Rule 4(f). That the forum state may not be able to exercise jurisdiction over the party in the same circumstances is immaterial. *Quinones*, 804 F.2d at 1176 (quoting *McGonigle v. Penn–Central Transportation*, 49 F.R.D. 58, 62 (D.Md.1969)).

At least in diversity cases, the due process clause of the Fifth Amendment imposes some restrictions on personal jurisdiction in the federal courts. *Jacobs*, 90 F.R.D. at 679. The Fifth Circuit, for example, held that fundamental fairness under due process requires that the third party defendant maintain "a meaningful nexus with the bulge area or the forum state." *Sprow*, 594 F.2d at 416. On the other hand, the Second Circuit requires only that the third party have at least minimum contacts with the state in which the bulge service is made. *Coleman*, 405 F.2d at 253. All the other courts considering this issue have adopted one of these two due process standards. *Quinones*, 804 F.2d at 1173. Since Prismatic's principal place of business lies within the 100 mile bulge, and service on Prismatic satisfies either standard, I need not decide which test is appropriate.

Prismatic contends that Rule 4(f) affects service of process only, and was meant to allow service outside the forum state on parties that had already satisfied the due process standard of *International Shoe*. To require, as Prismatic would have it, that service according to Rule 4(f) satisfy the due process criteria of *International Shoe* would render the 100 mile bulge rule largely meaningless, since most state long-arm statutes would allow process to be served on a third party *anywhere* within the United States, as long as the *International Shoe* test was met. *See Coleman*, 405 F.2d at 252. The intent of Congress in enacting the bulge rule, however, was "to allow complicated controversies to be ended by a single lawsuit if all the necessary third parties could be found within 100 miles of the courthouse." *Id.* (citing 2 Moore, Federal Practice ¶ 4.42[2] (2d ed. 1967)). Prismatic's interpretation of the due process requirements of Rule 4(f) would essentially frustrate Congress' design to improve efficiency in the adjudication of extraterritorial disputes. *See Sprow*, 594 F.2d at 417.

An appropriate order follows.

### ORDER

AND NOW, this 22nd day of June, 1993, it is **ORDERED** that the Motion of Prismatic Development Corporation to dismiss the third-party complaint of Lyons Precast Erectors, Inc. for lack of personal jurisdiction is denied for the reasons set forth in the accompanying memorandum.

### ORDER

AND NOW, this 22nd day of June, 1993, upon consideration of the motion of Lyons Precast Erectors, Inc. to dismiss Count IV of the counterclaim of Prismatic Development Corporation against Lyons Precast Erectors, Inc., or in the alternative, to sever this trial pursuant to Fed.R.Civ.P. 42(b) or to require a more definite statement, it is hereby **ORDERED** that the motion is granted in part and denied in part. The motion is granted with respect to severance pursuant to Rule 42(b), and Count IV of Prismatic Development Corporation's counterclaim against Lyons Precast Erectors, Inc. is severed ac-

cordingly. The motion is denied to the extent that the motion seeks to dismiss Count IV or to require a more definite statement.